IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROLANDO MARTINEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>NAVARRO, et al.,<br><br>    Defendants. | No. 2:25-CV-1260-DMC-P<br><br><br>ORDER |

Plaintiff, who is proceeding pro se, brings this civil action. Pending before the Court is Plaintiff's original complaint, ECF No. 1.

The Court is required to screen complaints brought by litigants who, as here, have been granted leave to proceed in forma pauperis. See 28 U.S.C. § 1915(e)(2). Under this screening provision, the Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(A), (B). Moreover, pursuant to Federal Rule of Civil Procedure 12(h)(3), this Court must dismiss an action if the Court determines that it lacks subject matter jurisdiction. Pursuant to Rule 12(h)(3), the Court will also consider as a threshold matter whether it has subject-matter jurisdiction.

/ / /

/ / /

Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff filed the original complaint on May 1, 2025. See ECF No. 1. Plaintiff names the following as Defendants: (1) Navarro; (2) Jones; (3) Mayfield; (4) Hernandez; (5) Johnson; and (6) Zach. See ECF No. 1, pg. 1-3. Plaintiff is a prisoner at California State Prison, Sacramento (CSP-Sac), Defendants Johnson and Zach are nurses at CSP-Sac, and the rest of the Defendants are correctional officers at CSP-Sac. See id.

In his first claim, Plaintiff alleges that excessive force was used by correctional officers against him. See id. at 4. Plaintiff contends that on October 10, 2024, he asked correctional officers for a Title 15 Code book. See id. Plaintiff claims that Defendant Jones went to retrieve the book. See id. Plaintiff claims that upon Defendant Jones' return, Defendant Navarro put Plaintiff in handcuffs. See id. Plaintiff claims that Defendant Navarro used excessive force by cuffing Plaintiff extremely tight, causing Plaintiff's left wrist to become swollen and bruised. See id. Plaintiff asserts that when Plaintiff asked Defendant Navarro for the reason for his actions, Defendant Navarro responded that Plaintiff had no rights. See id. Plaintiff claims that Defendant Navarro then asked another officer to remove Plaintiff's clothes, leaving Plaintiff naked in front of male and female officers, and Defendant Navarro also told the officers present not to turn their body cameras off, even though Plaintiff was naked. See id. Plaintiff claims that

1  Defendants Mayfield and Johnson filled out a 7219 form regarding the incident. See id. Plaintiff
2  claims that Defendant Zach was told to let Defendant Johnson fill out the form. See id. at 2.
3      In his second claim, Plaintiff contends that when a prisoner has made an allegation
4  of unnecessary or excessive use of force, relevant rules require that prison officers interview the
5  prisoner within 48 hours after the prisoner made the allegation. See id. at 5. Plaintiff claims that
6  prison officers failed to interview Plaintiff within 48 hours after Plaintiff made an allegation of
7  excessive use of force regarding the injury he suffered on his left wrist. See id.

## II. DISCUSSION

Plaintiff asserts two claims against six Defendants in the original complaint, one of which is cognizable, and the rest are insufficient to proceed. Specifically, the Court finds that Plaintiff's claim against Defendant Navarro related to the events occurring on October 10, 2024, plausibly states a cognizable Eighth Amendment excessive force claim. The Court finds the rest of Plaintiff's claims not cognizable as currently pleaded because Plaintiff does not include any specific facts to establish a causal link between the conduct of any named defendant and a constitutional violation. Plaintiff will be provided the option of filing a first amended complaint addressing the defects outlined in this order or proceeding on the original complaint as to his excessive force claim against Defendant Navarro.

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional

deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Because Plaintiff does not allege any facts relating Defendants Jones, Mayfield, Hernandez, Johnson, and Zach, to a constitutional violation, Plaintiff has not stated a cognizable claim against these Defendants. Similarly, while Plaintiff claims that he did not receive an interview within 48 hours after Plaintiff alleged that he was subjected to excessive use of force, Plaintiff does not set forth any facts linking these allegations to any named defendant. Based on these deficiencies, Plaintiff will be provided leave to amend.

### III.  CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the Court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

///

///

Accordingly, IT IS HEREBY ORDERED that Plaintiff may file a first amended complaint within 30 days of the date of service of this order.

Dated: June 6, 2025

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE