IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROLANDO MARTINEZ, JR., | No. 2:25-cv-1260-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| NAVARRO, et al., | and |
| Defendants. | FINDINGS AND RECOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's original complaint. See ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

On June 9, 2025, the Court issued an order addressing the sufficiency of Plaintiff's complaint.  See ECF No. 17.  Plaintiff's allegations are summarized in that order and not repeated here.  The Court concluded as follows:

> Plaintiff asserts two claims against six Defendants in the original complaint, one of which is cognizable, and the rest are insufficient to proceed. Specifically, the Court finds that Plaintiff's claim against Defendant Navarro related to the events occurring on October 10, 2024, plausibly states a cognizable Eighth Amendment excessive force claim. The Court finds the rest of Plaintiff's claims not cognizable as currently pleaded because Plaintiff does not include any specific facts to establish a causal link between the conduct of any named defendant and a constitutional violation. Plaintiff will be provided the option of filing a first amended complaint addressing the defects outlined in this order or proceeding on the original complaint as to his excessive force claim against Defendant Navarro.

ECF No. 17, pg. 3.

Plaintiff was advised of the relevant legal principles and provided leave to amend.  See id. at 3-5.  Plaintiff was cautioned that, if no amended complaint was filed within 30 days, the Court would dismiss all claims and defendants except Plaintiff's Eighth Amendment excessive force claim against Defendant Navarro arising from events occurring on October 10, 2024.  See id.  To date, Plaintiff has not filed an amended complaint.  Accordingly, by separate order the Court has directed service on Defendant Navarro as to Plaintiff's excessive force claim and will herein recommend dismissal of all other claims and defendants.

/ / /

/ / /

/ / /

/ / /

/ / /

Based on the foregoing, the undersigned orders and recommends as follows:

1. It is ORDERED that the Clerk of the Court is directed to randomly assign a District Judge to this case.

2. It is RECOMMENDED that this action proceed on Plaintiff's original complaint as to his Eighth Amendment excessive force claim against Defendant Navarro arising from events occurring on October 10, 2024.

3. It is RECOMMENDED that all other claims and defendants be dismissed.

4. It is RECOMMENDED that the Clerk of the Court be directed to terminate Jones, Mayfield, Hernandez, Johnson, and Zach as defendants to this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 7, 2025

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE